```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Sonya Leclair

       v.                              Civil No. 18-cv-669-JD
                                       Opinion NO. 2018 DNH 238
Donovan Spring Co., Inc.
```

## O R D E R

Sonya Leclair brought suit against her former employer, Donovan Spring Co., alleging federal and state claims of sex discrimination and retaliation. Donovan Spring moved to dismiss her claims as untimely and for failure to state a claim. In her objection to the motion to dismiss, Leclair explained that she was pursuing the same state law claims of sex discrimination and retaliation in state court and appended a copy of an order issued in that case, Sonya Leclair v. Donovan Spring Co., 218-2018-CV-00314, which denied Donovan Spring's motion to dismiss those claims.

Because of the parallel state court proceeding, the court ordered Leclair to show cause why this court should not abstain in favor of the state court proceeding pursuant to Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Leclair has filed her memorandum and opposes abstention. Donovan Spring filed its response, favoring abstention, and provided a copy of a subsequent order by the

state court in which the court reconsidered part of the prior order and partially granted the motion to dismiss.

Donovan Spring moved in state court, as it does here, to dismiss Leclair's state law sex discrimination claim as untimely. Specifically, Donovan Spring contended there and here that the alleged incidents of harassment discrimination occurred more than 180 days before Leclair filed her charges with the New Hampshire Commission on Human Rights on April 16, 2015. Donovan Spring asserted that the last incident of harassment occurred on October 6, 2014, based on criminal complaints filed against the coworker/perpetrator. As a result, Donovan Springs argued, the claims were untimely under RSA 354-A:21, III.

Leclair objected there, and here, on the grounds that the date of the last incident was uncertain and that time for filing the charge did not start on the date of the incident. She argued that the criminal complaints could not be considered for purposes of a motion to dismiss and that the date in the complaints might not be accurate. She also argued that the time for filing the charge did not start until she knew that Donovan Spring would not take remedial action.

The state court agreed with Leclair and denied the motion to dismiss. The court concluded that the criminal complaint did not establish the date of the incident and that the filing deadline was tolled because Leclair could not file a charge

2

against Donovan Spring until it investigated the incident and failed to remedy it.

On reconsideration, however, the court changed course. The court accepted the criminal complaints as proof of the date of the harassment incident. In addition, the court reconsidered the meaning of RSA 354-A:21, III in light of New Hampshire cases and concluded that harassment committed by a co-worker is the actionable discrimination, not the response or lack of response by the employer. For that reason, the court decided that the 180-day time limit was not tolled while Leclair waited for Donovan Spring to investigate the incident. As a result, the court agreed with Donovan Spring that Leclair's claim of sex discrimination under RSA 354-A:7 was time barred. Donovan Spring represents that Leclair has now moved for reconsideration of that order.

Leclair brought her action in this court based on federal question jurisdiction under 28 U.S.C. § 1331, arising from her federal claims of sex discrimination and retaliation under Title VII, 41 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a). Leclair's federal and state claims arise from the same incidents and circumstances. As provided by 28 U.S.C. § 1367(a), the court has supplemental jurisdiction over Leclair's state law claims.

Even when jurisdiction exists, a federal court may decline to exercise supplemental jurisdiction on the grounds provided by

§ 1376(c), including if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). In deciding whether the circumstances are exceptional, the court considers judicial economy, comity, and convenience and fairness to the parties. Estate of Amergi ex rel. Amergi v. Palestinian Authority, 611 F.3d 1350, 1366 (11th Cir. 2010); Lindsay v. Gov't Emps. Ins. Co., 448 F.3d 416, 425 (D.C. Cir. 2006).

This case presents the exceptional circumstance that the same parties are simultaneously litigating the same claims under RSA chapter 354-A in state court and in this court. As the state court's orders demonstrate, those claims have already raised a complex issue of state law and statutory interpretation. These parallel proceedings are duplicative and raise the issues associated with piecemeal litigation.

The parties disagree about whether abstention would be appropriate in this case, and the issue is far from clear. On the other hand, however, the exceptional circumstance of parallel proceedings, which is presented here, supports an exercise of the court's discretion to decline supplemental jurisdiction over the state law claims. § 1367(c)(4).

<u>Conclusion</u>

For the foregoing reasons, the court declines to exercise supplemental jurisdiction over the claims in this case that are brought under RSA chapter 354-A. Therefore, Counts III and IV are dismissed, without prejudice, for lack of subject matter jurisdiction. The case will proceed on Counts I and II.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 30, 2018

cc: Iryna N. Dore, Esq.
    Michael J. Iacopino, Esq.
    H. Jonathan Meyer, Esq.